

437 Madison Avenue, 24th Floor
New York, NY 10022

Steven G. Storch

(212) 931-1005
(917) 378-9447 (cell)
sstorch@storchbyrnelegal.com

March 19, 2025

**VIA ECF**
Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Because the parties have filed this letter and the attached case management plan, the initial pretrial conference is CANCELED. However, the parties are directed to resubmit their case management plan with the discovery deadlines filled in **by April 1, 2025**. The Court does not normally stay discovery pending decision on a motion to dismiss. The Clerk of Court is directed to terminate the motion at Dkt. 27.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: March 24, 2025

Re:   *Denise Ferris v. Columbia University in the City of New York and Hany G. Ayoub*,  Case No. 24-CV-9807 (AS)

Dear Judge Subramanian,

In accordance with the Court's Notice of Initial Pretrial Conference, the parties respectfully provide this joint letter, together with a proposed Civil Case Management Plan and Scheduling Order annexed hereto, in advance of the teleconference presently scheduled for 2:30 pm on March 27, 2025.  Due to a scheduling conflict, however, with lead trial counsel for Defendants, Defendants' Counsel requests an adjournment of the Initial Pre-trial Conference to April 8th or April 10th, at 2:30 pm.  The parties have conferred, and Plaintiff's Counsel consents to this request.

Notwithstanding the request to adjourn the conference, the parties met and conferred on March 18, 2025, and proceed to submit this joint letter and proposed Case Management Plan and Scheduling Order.  Plaintiff will be represented at the teleconference by her lead counsel, Steven Storch, who expects to be speaking and dialing in from (917)-378-9447.  Defendants will be represented at the teleconference by their lead trial counsel Evandro C. Gigante, as well as P. Kramer Rice; they expect to be speaking and dialing in from 212-969-3132 and 212-969-3406, respectively.

**1. Nature of this Action and Principal Defenses**

This action involves claims of gender-based discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"); Title IX of the Education Act Amendments of 1972, 20 U.S.C. § 1681, *et seq*. ("Title IX"); the New York State Human Rights Law, NY Executive Law § 296 (the "NYSHRL"); the New York City Human Rights Law,

Case 1:24-cv-09807-AS   Document 28   Filed 03/19/25   Page 2 of 3

Hon. Arun Subramanian
March 19, 2025
Page 2

Administrative Code of the City of New York §§ 8-101, *et seq.* (the "NYCHRL"); and common law, brought against Defendants The Trustees of Columbia University in the City of New York ("Columbia') and Plaintiff's former supervisor, Hany G. Ayoub ("Ayoub").

The Plaintiff, Denise Ferris, contends that she endured degrading treatment at the hands of her supervisor at Columbia, Ayoub, for nearly two years, solely due to her gender, before she was terminated for pretextual reasons in retaliation for complaints against Ayoub by her and her assistant. She further alleges, among other things, that Columbia knew that the Plaintiff is not the only female employee to come forward and raise similar concerns about Ayoub and that Columbia conducted a sham investigation.

The Defendants' principal defense is that Plaintiff has failed to plausibly plead her asserted causes of action.  It is Defendants' position that Plaintiff's subjective disagreements with Ayoub, her former supervisor at Columbia, about her job performance, and with Columbia concerning how Columbia investigated her internal complaints of Ayoub's assessments of it, are insufficient as a matter of law to support her claims of intentional discrimination, retaliation and breach of contract.

## 2. Jurisdiction and Venue

This Court has original jurisdiction under 28 U.S.C. § 1331, because federal questions are presented, and it has supplemental jurisdiction over the State law claims under 28 U.S.C § 1367(a). Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and omissions giving rise to the claims occurred in this District.

## 3. Existing Deadlines and Due Dates

The parties currently are subject to the following deadlines:

a) Plaintiff's Opposition to Defendants' Motion to Dismiss is due April 4, 2025.
b) Defendants' Reply is due April 25, 2025.

## 4. Outstanding Motions

Only Defendants' Motion to Dismiss the Complaint is pending and, as noted above, is scheduled to be fully briefed as of April 25, 2025.

## 5. Discovery Status

To date, no discovery has taken place. The parties agree to exchange initial disclosures within fourteen (14) days following the Initial Pretrial Conference.  The parties, however, disagree on the need for merits-based discovery at this time.

It is Defendants' position that in light of their motion to dismiss the Complaint in full, engaging in discovery is not appropriate at this time. Defendants believe it would be most economical and consistent with preservation of the parties' and judicial resources to stay all discovery until the Court has ruled on the pending motion to dismiss. Counsel for Defendants requested that Plaintiff agree to a stay of discovery until their motion to dismiss is decided, but counsel for Plaintiff did not agree to that proposal.

Hon. Arun Subramanian
March 19, 2025
Page 3

Plaintiff objects to a stay of discovery as we do not believe the motion to be well founded. For instance, citing District Court decisions, *Gayle v. Childs.Aid Coll. Prep Charter Sch.,* 2019 WL 3759097, (S.D.N.Y. July 29, 2019) and *Vega v. State Univ. of N.Y. Bd. of Trs.*, 2000 WL 381430, (S.D.N.Y. Apr.13, 2000), the motion seeks dismissal of all Title IX claims on the ground that there is no private cause of action. However, inexplicably, the motion fails to cite a subsequent Second Circuit decision in *Vengalattore v. Cornell Univ.*, 36 F.4th 87, 106 (2d Cir. 2022), holding that there is.

The remainder of the motion seeks to have this Court resolve factual issues on a motion addressed to the pleadings and, further, fails to properly acknowledge facts that are pled that undercut its position. For instance, Defendants' claim that there cannot as a matter of law be retaliation because several months passed between Plaintiff's original complaint and her summary dismissal. They simply ignore the allegations of the complaint that she was terminated shortly after she filed a new complaint, and a new investigation was commenced and shortly after she helped another female employee with her grievance against Defendants for conduct by the same primary actor.

As a result, the parties have not jointly submitted discovery deadlines in the Proposed Case Management Plan.

**6. Settlement Discussions**

The parties have not engaged in settlement discussions to date.

**7. Alternate Dispute Resolution**

The parties have not agreed to the use of Alternate Dispute Resolution procedures, although they appreciate that under Standing Administrative Order M10-468 of this Court, they may be referred to the Alternative Dispute Resolution program for mediation should this matter not be dismissed.

**8. Other Information to Assist the Court**

The parties do not identify any other information that they would expect to assist the Court at this stage.

Respectfully submitted,

| | |
|---|---|
| STORCH BYRNE LLP | PROSKAUER ROSE LLP |
| By: _____ | By: /s/Evandro C. Gigante |
|     Steven G. Storch (SS5241) |     Evandro C. Gigante (EG7402) |
| 437 Madison Ave, 24th Floor | P. Kramer Rice (PR3777) |
| New York, NY 10022 | Eleven Times Square |
| (212) 931-1005 | New York, NY 10036 |
| sstorch@storchbyrnelegal.com | (212)-969-3000 |
| *Attorneys for Plaintiff* | egigante@proskauer.com |
| | krice@proskauer.com |
| | *Attorneys for Defendants* |