
Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

March 27, 2025

Evandro C. Gigante
Member of the Firm
d +1.212.969.3132
f 212.969.2900
egigante@proskauer.com
www.proskauer.com

Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

      Re:    *Denise Ferris v. The Trustees of the Columbia University in the City of New York and Hany Ayoub*
            Case No: 1:24-cv-09807-AS

Dear Judge Subramanian:

This firm represents Defendants The Trustees of the Columbia University in the City of New York and Hany Ayoub in the above-captioned matter brought by Plaintiff Denise Ferris. We write pursuant to your Honor's Individual Practices in Civil Cases, Section 5.D., in light of a discovery dispute between the Parties. Though your Honor has noted that the Court does not normally stay discovery pending decision on a motion to dismiss, Defendants respectfully seek a stay of discovery pursuant to Fed. R. Civ. P. 26 pending resolution of their motion to dismiss the Complaint, for the reasons set forth herein.

Consistent with your Honor's I.R. 5, Defendants' counsel first requested (by e-mail) a stay of discovery from Plaintiff's counsel on March 17, 2025, which Plaintiff's counsel rejected. Counsel for the Parties then met and conferred on March 18th to see if a resolution on this issue could be reached, but none was reached.[1] At the conclusion of the conference, Defendants' counsel indicated it would preserve its position through the Court's Individual Rules. There have been no prior requests for this relief. No discovery deadlines have been set to date.

I.      **Preliminary Statement**

Defendants' Motion to Dismiss ("MTD") raises significant—and, in Defendants' view, disqualifying—challenges to Plaintiffs' Complaint that support a stay of discovery to avoid the unnecessary expenditure of party and judicial resources. (*See* ECF 22.) As set forth in Defendants' MTD, which seeks to dismiss the Complaint in its entirety, Ferris' subjective disagreements with Ayoub, her former supervisor at Columbia, about her job performance, and with Columbia concerning how Columbia investigated her internal complaints of Ayoub's assessments of her performance, are insufficient as a matter of law to support her claims of intentional discrimination, retaliation and breach of contract. Where, as here, substantial challenges to a complaint could result in the dismissal of the entire action, courts often will exercise their discretion to stay

---

[1] This conference took place from 5:30 pm and 6:00 pm. It included Evandro Gigante and Kramer Rice appearing on behalf of Defendants, and Steven Storch and Susan Rosenthal appearing on behalf of Plaintiff. Mr. Gigante is lead trial counsel for Defendants, and Mr. Storch is lead trial counsel for Plaintiff.



Judge Subramanian
Page 2

discovery pending resolution of a motion to dismiss. Avoiding the burden and cost of discovery under such circumstances constitutes good cause to enter the limited stay requested. Moreover, Plaintiff cannot claim any prejudice, given the early stage of these proceedings and the absence of any pending discovery deadlines imposed by the Court. The Parties' even reached agreement to exchange initial disclosures, which Defendants' would proceed to do even if the Court grants this application to stay.

## II.     Standard for Stay of Discovery

"Upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Federal Rule of Civil Procedure 26(c)." *Oliver v. City of New York*, 540 F. Supp. 3d 434, 435 (S.D.N.Y. 2021) (internal quotes omitted). "In considering a motion for a stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion," and any prejudice that would result from the stay. *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv-5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). Courts also may take into consideration the "nature and complexity of the action" and "the posture or stage of the litigation." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). "[W]hile the law identifies these factors, it does not necessarily require satisfaction of all these prongs in order to obtain a stay. They should all merely be considered in making the 'good cause' determination, as a court has wide discretion in granting a stay request." *Gross v. Madison Square Garden Ent. Corp.*, No. 23-cv-3380 (LAK) (JLC), 2023 WL 6815052, at *2 n.1 (S.D.N.Y. Oct. 17, 2023). Though courts vary as to which of the stay factors they see as the most important, "there can be little doubt that simplification of the issues and prejudice to the opposing party are more important than the case's state of completion." *Thomas v. Amazon.com Servs., LLC*, No. 23-cv-1271 (JAM), 2024 WL 3706844, at *4 (E.D.N.Y. Apr. 15, 2024).

## III.    A Stay of Discovery Should be Granted

**First**, the strength of Defendants' pending motion to dismiss warrants a stay of discovery where, as here, the motion asserts "substantial arguments in favor of dismissal." *Valentini v. Grp. Health Inc.,* No. 20-cv-9526 (JPC), 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021); *Negrete v. Citibank, N.A.,* No. 15-cv-7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015) (granting stay where "[t]he motion to dismiss raises several potentially viable defenses to the Complaint ... [w]hile the Court makes no finding as to whether these arguments will ultimately succeed or fail, they are at least sufficient to establish that the Defendants have 'substantial arguments for dismissal'"). Here, Defendants' MTD presents a number of arguments establishing the significant defects in Plaintiff's Complaint that justify a stay of discovery, including but not limited to:

- Plaintiff cannot bring a Title IX claim that is duplicative of her Title VII employment discrimination and retaliation claims, and even if she could, it remains barred because she never filed a timely Article 78 proceeding challenging an internal Title IX determination.
- Plaintiff cannot bring a gender discrimination claim because the allegations do not come close to evincing an objectively severe and pervasive hostile work environment.

**Proskauer**

Judge Subramanian
Page 3

- Plaintiff cannot bring a retaliation claim because the allegations do not plead causation.
- Plaintiff cannot bring a breach of contract claim because no contract existed.

Courts within this Circuit have stayed discovery upon similarly strong arguments in support of dismissal in employment discrimination cases. *See, e.g., Martinez v. 189 Chrystie St. Partners, LP*, No. 22-cv-3111 (VEC), 2023 WL 5390442, at *1 n.2 (S.D.N.Y. Aug. 22, 2023); *Little v. City of New York Dep't of Fin.*, No. 20-cv-1979 (RPK) (MMH), 2022 WL 3704214, at *2 (E.D.N.Y. Aug. 26, 2022) (staying discovery where, among other things, defendant argued that plaintiff's discrimination, retaliation and hostile work environment claims failed to state a claim upon which relief may be granted and did not evince any discriminatory or retaliatory motive).

**Second**, the need for a stay here is supported further by the fact that the MTD, if granted, would dispose of the action as a whole or "will narrow and clarify the scope" of the issues in litigation, which will undoubtedly impact the scope of discovery. *See Thomas*, 2024 WL 3706844, at *4; *Cohen v. United States,* No. 21-cv-10774 (LJL), 2022 WL 2181457, at *2 (S.D.N.Y. June 16, 2022) (finding good cause for stay, in part because "the pending motions are directed to the complaint in its entirety"). Here, Defendants have moved to dismiss the complaint in its entirety, and if the Complaint is not dismissed, the discovery may be expansive given the disparate nature of the allegations—failing to follow internal investigatory procedures, perpetuating a hostile work environment, engaging in retaliation, and breaching a contract. If the Court dismisses the case then, of course, no discovery is needed. And if the Court dismisses some, but not all of, the claims, then discovery will surely be narrowed.

**Third**, a stay of discovery would not impose undue prejudice on Plaintiff. The MTD is still being briefed, and Plaintiff has yet to file her opposition. The Parties are fully engaged in that briefing. *See Wang v. Sussman et al.*, No. 1:24-cv-03987-AS (Dkt. 38) (granting stay). Also, Plaintiff requested a 3-week extension of the deadline to file her opposition, and so Plaintiff cannot suggest that delay in discovery would be prejudicial. Even then, the requested stay is for a "short period of time," since Defendants' motion will be fully briefed and ready for a decision in less than a month (by April 25th). There is also no indication that any evidence will not be preserved. *See Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13-cv-6362 (SJF) (WDW), 2014 WL 6883529, at *3 (E.D.N.Y. Dec. 3, 2014) (concluding "any marginal impact on the evidence and/or memories of witnesses does not outweigh the substantial burden and expense of conducting time-consuming fact and expert discovery on all issues in this case pending a decision on a potentially dispositive motion"). Balanced against the burden of embarking on unnecessary discovery, Plaintiff faces only a limited delay during the time it takes the Court to render a decision on the MTD, which courts in this district routinely find does not outweigh entering a stay. *See Valentini*, 2021 WL 861275, at *2 ("while the Court understands Plaintiffs' desire for a prompt resolution of their claims, that desire is insufficient to tip the scales" and deny a discovery stay); *Miller v. Brightstar Asia, Ltd.,* No. 20-cv-4849 (GBD) (JLC), 2020 WL 7483945, at *5 (S.D.N.Y. Dec. 21, 2020) ("[Plaintiff] will not be prejudiced by staying discovery until the Court decides the motion to dismiss. If the Court denies the motion, a stay of discovery will presumably be for a relatively short time, and 'a short delay at this time would not be unfairly prejudicial'").

We thank the Court for its consideration of this matter.

**Proskauer**

Judge Subramanian
Page 4

Respectfully submitted,

*s/ Evandro C. Gigante*
Evandro C. Gigante

cc:     All counsel (by ECF)

The request is GRANTED.

The Clerk of Court is directed to terminate the motion at Dkt. 29.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: March 28, 2025