UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENISE FERRIS,

                Plaintiff,

-against-

HANY G. AYOUB and COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,

                Defendants.

24-cv-9807 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

    Plaintiff Denise Ferris accuses defendants Hany Ayoub and Columbia University of gender-based discrimination and retaliation in violation of Title IX, Title VII, the New York State Human Rights Law, and the New York City Human Rights Law. Defendants have moved to dismiss Ferris's complaint. *See* Dkt. 21. Defendants' motion to dismiss the complaint is DENIED.

    When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). The court, however, cannot credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.* (quotation omitted).

    *First*, defendants argue that there is no private right of action for a claim of discrimination under Title IX. But as Ferris observes, defendants ignore the Second Circuit's decision in *Vengalattore v. Cornell Univ.*, 36 F.4th 87, 106 (2d Cir. 2022), which concluded that "Title IX allows a private right of action for a university's intentional gender-based discrimination against a faculty member." *Id.* at 106. In reply, defendants cite to *Joseph v. Board of Regents of University System of Georgia*, 121 F.4th 855, 867 (11th Cir. 2024) as superseding authority, but that court itself observed that the Second Circuit has "allowed claims of sex discrimination in employment under Title IX to proceed," precisely the type of claim Ferris has advanced.

    *Second*, the facts set forth in the complaint plausibly allege claims of discrimination and retaliation under Title VII, Title IX, the NYSHRL and NYCHRL. Ferris alleges that over the course of her employment she was constantly subject to discriminatory and unfair treatment based on her gender, that the university and its representatives failed to take these issues seriously, and that she ultimately was terminated in retaliation for speaking up. The Court has no view whether discovery will bear out Ferris's claims, but at the pleadings stage, they pass muster.

*Third*, count five of the complaint plausibly alleges a Title IX violation. "A person who was subjected to sexual harassment or other misconduct within a recipient's program may allege a Title IX violation under either an official action theory or a deliberate indifference theory." *Schiebel v. Schoharie Cent. Sch. Dist.*, 120 F.4th 1082, 1094 (2d Cir. 2024). "Procedural irregularities such as the recipient's failure to comply with its own grievance policies or with applicable Title IX regulations provide probative evidence of deliberate indifference." *Id.* at 1095. Ferris says that Columbia failed to follow its own grievance procedures when handling her harassment complaint. Defendants argue that they can't have been deliberately indifferent to Ferris's harassment because her complaint didn't provide adequate notice of what was going on. But here, the question of who knew what when is a fact-intensive inquiry that must be resolved after discovery.

*Fourth*, defendants' motion to dismiss Ferris's claim for breach of contract is denied. The existence of a binding contract, its enforceability, and defendants' alleged breach present factual questions that cannot be resolved at the pleadings stage. *See Joshi v. Trustees of Columbia Univ.*, 2018 WL 2417846, at *4–*8 (S.D.N.Y. May 29, 2018).

For these reasons, defendants' motion to dismiss is denied. The stay of discovery in this case, Dkt. 30, is lifted. Within 14 days, the parties should complete a case management plan that provides for the completion of discovery within six months.

    SO ORDERED.

Dated: August 25, 2025
       New York, New York

                                    ARUN SUBRAMANIAN
                                    United States District Judge