

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

<div style="float:right">

P. Kramer Rice
Senior Counsel

d +1.212.969.3406
f 212.969.2900
krice@proskauer.com
www.proskauer.com

</div>

November 20, 2025

Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

> Re:  *Denise Ferris v. The Trustees of Columbia University in the City of New York and Hany Ayoub* Case No: 1:24-cv-09807-AS

Dear Judge Subramanian:

This firm represents Defendants The Trustees of the Columbia University in the City of New York and Hany Ayoub in the above-captioned matter brought by Plaintiff Denise Ferris.  We write pursuant to your Honor's Individual Practices in Civil Cases, Section 5.D., in light of a discovery dispute between the Parties concerning a Stipulated Protective Order that Defendants proposed to Plaintiff (attached hereto as **Exhibit A**).

Defendants' counsel shared its proposed Stipulated Protective Order with Plaintiff's counsel on October 29, 2025, which largely utilized your Honor's form Protective Order.  However, in light of this matter being an employment dispute potentially involving highly sensitive and confidential information, Defendants proposed including defined parameters around "Confidential" and "Attorneys' Eyes Only" ("AEO") designations—designations otherwise already recognized in the Court's form Protective Order.  Plaintiff's counsel rejected the proposals and counter-proposed to add Plaintiff to the list of people who may view AEO materials, which of course is inconsistent with the notion of designating documents as AEO.  Plaintiff's position also stands at odds with her own Complaint, wherein Plaintiff anonymized several allegations presumably to maintain confidentiality with respect to those allegations.

Consistent with your Honor's I.R. 5, on October 31st, the parties met and conferred by phone to see if a resolution on this issue could be reached, but none was reached at that time.[1]  After additional communications thereafter attempting to resolve the issue, the parties were unable to reach resolution.  On November 6th, the counsel for the parties acknowledged impasse and that Defendants would seek Court intervention through the Court's Individual Rules to resolve this issue. [2]

---

[1] This conference took place on or around 1:00 pm EST and last approximately 15 minutes.  It included Kramer Rice, co-lead counsel appearing on behalf of Defendants, and Edward Dolido, co-lead counsel appearing on behalf of Plaintiff.

[2] At that same time, the parties agreed to a temporary designation arrangement to ensure discovery continues to proceed in an orderly manner pending the court's resolution of his dispute.



Judge Subramanian
Page 2

Principally, Plaintiff's counsel argues that Plaintiff should be permitted to see all documents in the case, including those designated as AEO. This vitiates the very purpose of an AEO designation, which is to "prevent[] a *party* from viewing the sensitive information while nevertheless allowing the party's *lawyers* to litigate on the basis of that information." *Cypress Creek Intermediaries, Inc. v. Westport Ins. Corp.*, No. 22-CV-3649 (ER), 2023 WL 8018176, at *3 (S.D.N.Y. Nov. 20, 2023). In this regard, an AEO provision allows certain information produced in discovery to be shared only with lawyers for the party receiving discovery, not their clients. *Lively v. Wayfarer Studios LLC*, No. 24-CV-10049, 2025 WL 815364, at *2 (S.D.N.Y. Mar. 13, 2025).

As reflected in the proposed Protective Order attached as **Exhibit A**, Defendants intend to designate only a limited category of highly sensitive documents as AEO.[3] Moreover, Defendants' proposed Stipulated Protective Order includes a meet-and-confer process that either party can use to challenge any designations, should a party seek to change a designation (such as from AEO to Confidential). Given that this is an employment dispute within the context of client-facing services, discovery sought thus far involved highly sensitive and confidential personnel and business records, and so Defendants maintain that having enhanced confidentiality protections available is important, at least from the outset of discovery, subject to a process by which the parties can challenge any designations as set forth in Defendants' proposed Stipulated Protective Order.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*s/ P. Kramer Rice*
P. Kramer Rice

cc:     All counsel (by ECF)

Defendants' motion is DENIED. Defendants have failed to demonstrate a "clearly defined, specific and serious injury" that would result if plaintiff is able to access materials that will still be designated as Confidential, and which plaintiff would thereby be prohibited from disclosing. *See Flores v. Stanford*, 2021 WL 4441614, at *4 (S.D.N.Y. Sept. 28, 2021). Given this ruling, the parties should meet and confer to determine whether they can agree on a protective order to govern this case.

The Clerk of Court is directed to terminate the motion at Dkt. 41.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: November 25, 2025

[3] Pursuant to Defendants' proposed Stipulated Protective Order, a party may designate discovery material as "Confidential – Attorneys' Eyes Only" if the material "consists of any information of a personal or intimate nature regarding any individual who is not a party to this action (including without limitation job-related evaluations and complaints, medical records and Protected Health Information under HIPAA, personal identifiable information, and personal financial/economic information)."